**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Plumbing and Air Conditioning Contractors of Central and Northern Arizona, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>Plumbing and Air Conditioning Contractors of Arizona, Tucson Area, et al.,<br><br>        Defendants. | No. 03-CV-1684-PHX-FJM<br><br>**ORDER** |

The court has before it defendants' (Plumbing and Air Conditioning Contractors of Arizona-Tucson Area, Local Union 469 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local Union 741 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Norm Record, Sr., Nancy Record, Norm Record, Jr., George Michels, Michael L. Collins, Ray Carter and Wayne Bryant (collectively, the "PAC-Tucson Defendants")) Motion for Award for Attorneys' Fees and Non-Taxable Expenses (doc. 171), PAC-Tucson Defendants' Memorandum of Points and Authorities (doc. 181), plaintiffs' Response (doc. 190), and PAC-Tucson Defendants' Reply (doc. 195). PAC-Tucson Defendants' Motion for Award of Attorneys' Fees and Non-Taxable Expenses was refiled as document 175. This second motion is duplicative and denied as moot (doc. 175).

The court also has before it defendants' (Arizona Pipe Trades Health and Welfare Trust Fund and Arizona Pipe Trades Defined Contribution Trust Fund (collectively, "Trust Fund Defendants")) Motion for Attorney's Fees and Non-Taxable Costs Pursuant to Fed. R. Civ. P. 54(b) [sic] (doc. 172), Trust Fund Defendants' Memorandum of Points and Authorities (doc. 185), plaintiffs' Response (doc. 191), and Trust Fund Defendants' Reply (doc. 194).

**I.**

We previously awarded attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1) to all defendants because plaintiffs acted in an "erroneous" and "unreasonable" manner, and "failed to produce any substantial evidence to support their claims." Order at 7. (doc. 165). Despite the order, the parties reargue the attorneys' fees issue. Accordingly, we explain in greater detail why we appropriately awarded attorneys' fees to all defendants.

A court should weigh the Hummell factors when considering awarding attorneys' fees arising out of Employee Retirement Income Security Act ("ERISA") litigation:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). The factors should be applied without favor to either side. Estate of Shockley v. Alyeska Pipeline Serv. Co., 130 F.3d 403, 408 (9th Cir. 1997).

Here, the factors weigh in favor of an award of attorneys' fees and expenses: plaintiffs did not display bad faith, but did act in an erroneous and unreasonable manner by forcefully litigating a case and then failing to produce any evidence at trial to support their claims; both sides of the litigation will be adversely affected by attorneys' fees;[1] an award of attorneys'

---

[1] Plaintiffs relegate to a footnote their statement, without argument, that Trust Fund Defendants' attorneys' fees have already been paid by their insurance carrier, and therefore should not be shifted to the plaintiffs. Response to Trust Fund Defendants' Motion at 6.

1  fees would deter others from acting in such an unreasonable manner, and would not deter
2  others from raising a legitimate claim; it is undisputed that the defendants sought to benefit
3  the ERISA beneficiaries; and plaintiffs' claims wholly lacked merit.   Therefore, we
4  appropriately awarded attorneys' fees and expenses.

5     Plaintiffs argue that the Trust Fund Defendants were only named because they were
6  indispensable to the litigation, and accordingly, they are not entitled to attorneys' fees.
7  Plaintiffs forced the Trust Fund Defendants into litigation, and accordingly, they were
8  appropriately awarded attorneys' fees and expenses.

9  **II.**

10     Lodestar analysis is appropriate to determine the amount of fees to be awarded in
11  an ERISA case.  <u>D'Emanuele v. Montgomery Ward & Co., Inc.</u>, 904 F.2d 1379, 1383 (9th
12  Cir. 1990).  The lodestar amount is determined by "multiplying the number of hours
13  reasonably expended on the litigation by a reasonable hourly rate."  <u>Id</u>.

14     PAC-Tucson Defendants request an award of $348,468.25 for fees accrued by
15  O'Donoghue & O'Donoghue, LLP ("O'Donoghue"), and $1,557.50 for fees accrued by
16  Mariscal, Weeks, McIntyre & Friedlander, PA ("Mariscal Weeks").  <u>PAC-Tucson</u>
17  <u>Defendants' Memorandum, Exhibit 2</u> at 7, 13.  Trust Fund Defendants request an award
18  of $119,477.50 for fees accrued by Jennings, Strouss & Salmon, PLC ("Jennings
19  Strouss"), $82,203.00 for fees accrued by The Grimwood Law Firm, PLC ("Grimwood"),
20  and $11,565.00 for fees accrued by Ward, Keenan & Barrett, PC ("Ward Keenan").  <u>Trust</u>
21  <u>Fund Defendants' Memorandum, Exhibit 5</u> at 1, <u>Exhibit 6</u> at 1, <u>Exhibit 7</u> at 11.

22

23

24

25

26

27
28  Although the statement has intuitive appeal, because neither side has argued or developed
this issue, there is little we can do with it.

**A.**

PAC-Tucson Defendants base their fee request on O'Donoghue's 1,224.00 partner hours, 65.30 associate hours, and 43.60 law clerk hours;[2] and twenty five percent of Mariscal Weeks' 19.10 hours.[3]  PAC-Tucson Defendants' Memorandum, Exhibit 2 at 3, 13, Exhibit D.  Trust Fund Defendants base their fee request on Jennings Strouss' 522.30 member hours, 70.90 associate hours, and 107.80 paralegal hours; Grimwood's 349.80 member hours; and Ward Keenan's 77.10 attorney hours.  Trust Fund Defendants' Memorandum, Exhibit 5 at 1, Exhibit 6 at 1, Exhibit 7 at 11.

29 U.S.C. § 1132(g)(1) permits attorney's fees to be awarded only for ERISA actions.  PAC-Tucson Defendants were named in two ERISA claims and two non-ERISA claims, and raised a counterclaim, but they failed to identify which of their fees are associated with which claims.  Accordingly, plaintiffs argue that PAC-Tucson Defendants should be awarded no more than 2/5 of their requested fees, which would represent the fees generated by the ERISA claims.  Response to PAC-Tucson Defendants' Motion at 9-10.  Trust Fund Defendants were named in one ERISA claim and two non-ERISA claims, but they failed to identify which of their fees are associated with which claims.  Accordingly, plaintiffs argue that Trust Fund Defendants should be awarded no more than 1/3 of the their requested fees which would represent the fees generated by the ERISA claim.  Response to Trust Fund Defendants' Motion at 6-7.

Plaintiffs assume that each claim generated approximately equal fees, but the ERISA claims generated significantly more fees than the non-ERISA claims because they were the only claims at issue at trial.  Plaintiffs assume that the services rendered for each

---

[2] Defendants reduced their actual hourly total by ten percent to yield "a conservative measure of hours reasonably expended."  PAC-Tucson Defendants' Memorandum, Exhibit 2 at 3.

[3] PAC-Tucson Defendants request an award for only twenty-five percent of Mariscal Weeks' fees because "a portion of the work performed by Mariscal Weeks was [only] necessary on account of the fact that O'Donoghue is located in Washington, D.C."  PAC-Tucson Memorandum, Exhibit 2 at 13.

1   claim did not overlap, but the two non-ERISA claims and one ERISA claim arose out of
2   the same factual allegations.  Plaintiffs are, however, correct that some of defendants' fees
3   relate to non-ERISA claims and the counterclaim.  Accordingly,  we reduce defendants'
4   compensable fees by ten percent.

5         Plaintiffs argue that many entries in defendants' description of services rendered
6   violate LRCiv 54.2(e)(2) for lack of particularity, and accordingly, defendants' fee request
7   should be denied.  Response to PAC-Tucson Defendants' Motion at 10; Response to Trust
8   Fund Defendants' Motion at 7-8. Plaintiffs' argument fails, however, because they  do not
9   argue that the incomplete entries shield an inaccurate or an unreasonable expenditure of
10  time.

11        Plaintiffs argue that O'Donoghue partners and Grimwood members unreasonably
12  performed work that could have been performed by less expensive associates, law clerks,
13  or paralegals.  Response to PAC-Tucson Defendants' Motion at 11-12; Response to Trust
14  Fund Defendants' Motion at 10.  PAC-Tucson Defendants argue that most work was
15  performed by O'Donoghue partners because O'Donoghue is a firm with twenty-one
16  partners and seven associates, and accordingly, associates are often unavailable; and
17  because the case required attention by partners with specialized skills.  PAC-Tucson
18  Defendants' Reply, Exhibit 1 at 3-4.  Trust Fund Defendants argue that all work was
19  performed by Grimwood members because Grimwood has no associates.  Trust Fund
20  Defendants' Reply at 7.  Plaintiffs' argument fails because it is not unreasonable for a
21  small law firm's work to be substantially performed by partners or members.

22        Plaintiffs argue that O'Donoghue double billed certain services to PAC-Tucson
23  Defendants.  Response to PAC-Tucson Defendants' Motion at 14-15.  PAC-Tucson
24  Defendants argue that their fees should have been allocated among the PAC-Tucson
25  Defendants and the fiduciary insurance carrier; some fees were mistakenly allocated to
26  the PAC-Tucson Defendants, but all fees were actually accrued and are compensable.
27  PAC-Tucson Defendants' Reply, Exhibit 1 at 1-3.  For all the fees that appear to be
28

1   double billed to PAC-Tucson Defendants, there are no analogous charges to the fiduciary

2   insurance carrier.  We conclude that the fees were misallocated and are compensable.

3       It is undisputed that PAC-Tucson Defendants incorrectly requested an award of

4   attorneys' fees for work performed in regard to arbitration.  Accordingly, O'Donoghue's

5   partner hour total should be reduced by fourteen hours.  PAC-Tucson Defendants' Reply,

6   Exhibit 1 at 3.

7       Plaintiffs argue that Keith Overholt and Helen Grimwood over-billed Trust Fund

8   Defendants by duplicating work, especially when both attorneys attended depositions

9   when only one attorney was necessary.  Response to Trust Funds' Motion at 10-11.  Mr.

10  Overholt and Ms. Grimwood were hired by the trusts, and appointed as guardians at litem

11  of the trusts, to together represent the trusts' conflicting interests.  Minute Entry, doc. 108.

12  Accordingly, the attorneys acted appropriately and their representation was not excessive.

13      We conclude that O'Donoghue reasonably accrued fees for 1089.00 partner hours,

14  58.77 associate hours, and 39.24 law clerk hours,[4] and Grimwood reasonably accrued fees

15  for 314.82 hours.[5]  Plaintiffs do not dispute the hourly rates for services provided by

16  Mariscal Weeks, Jennings Strouss, and Ward Keenan; therefore, for ease of analysis, we

17  subtract ten percent for non-ERISA claims fees from the final lodestar amount.

18                                      **B.**

19      O'Donoghue charged PAC-Tucson Defendants a reduced flat rate of $195 per

20  partner and associate hour, and $95 per law clerk hour because the clients included "not-

21  for-profit organizations and individual Defendants with limited financial means."  PAC-

22  Tucson Defendants' Memorandum, Exhibit 2 at 3-4.  PAC-Tucson Defendants request,

23  however, that the award be based on the "prevailing market rate" of $275 per partner

24  _____

25      [4] This total is derived from O'Donoghue's adjusted hours (1,224.00 partner, 65.30
26  associate, 43.60 law clerk, PAC-Tucson Memorandum, Exhibit 2 at 3), less fourteen partner
    hours for non-compensable arbitration work, and less ten percent for non-ERISA claims fees.

27      [5]This total is derived from Grimwood's declared hours (349.80 member, Trust Fund
28  Defendants' Memorandum, Exhibit 6 at 1), less ten percent for non-ERISA claims fees.

- 6 -

1    hour, $125 per associate hour, and $85 per law clerk hour.  PAC Tucson Defendants'

2    Memorandum, Exhibit 2 at 7.  Trust Fund Defendants request that the court award fees

3    for Grimwood's services at the billed rate of $235 per member hour.  Trust Fund

4    Defendants' Reply at 4-7.  Plaintiffs argue that these hourly rates are excessive.  Response

5    to PAC-Tucson Defendants' Motion at 10-14; Response to Trust Fund Defendants'

6    Motion at 8-10.

7         A fee award should be based on the reasonable hourly rate in the forum

8    community for an attorney with the experience, skill, and reputation of the attorney

9    requesting the fees, which is not necessarily the rate actually charged by the prevailing

10   party.  Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994); D'Emanuele v.

11   Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383-84 (9th Cir. 1990).  The burden is

12   on the fee applicant to produce satisfactory evidence that the requested rate is reasonable.

13   Blum v. Stenson, 465 U.S. 886, 896, 104 S. Ct. 1541, 1547 n.11 (1984).

14        PAC-Tucson Defendants' attorneys Charles Gilligan, partner at O'Donoghue, and

15   David Ouimette, member of Mariscal Weeks, declare that $275 per partner hour, $125 per

16   associate hour, and $85 per law clerk hour are reasonable rates in the forum community

17   for this type of litigation.  PAC-Tucson Defendants' Memorandum, Exhibit 2 at 6-7,

18   Exhibit 6 at 2.  Trust Fund Defendants' attorney Helen Grimwood, member at Grimwood,

19   declares that $250 per member hour was her customary rate for general litigation and

20   ERISA matters at the time the complaint was filed, and that she charged $235 per

21   member hour in this litigation.  Trust Fund Defendants' Memorandum, Exhibit 8 at 4.

22   Trust Fund Defendants' attorney Keith Overholt, member of Jennings Strouss, declares

23   that he charged $180 per member hour, which was "below the customary charges of the

24   firm, as well as below the comparable prevailing community rate."  Trust Fund

25   Defendants' Memorandum, Exhibit 4 at 3-4.  Trust Fund Defendants argue that this rate

26   was reduced due to their ongoing attorney-client relationship.  Trust Fund Defendants'

27   Reply at 5. All of the partners/members involved in this litigation have substantial

28

1    experience and skill in ERISA litigation.  PAC-Tucson Memorandum, Exhibit 2 at 9-10;

2    Trust Fund Memorandum, Exhibit 4 at 2, Exhibit 8 at 2-4.

3            Based on this evidence, we conclude that $235 per partner/member hour, $125 per

4    associate hour, and $85 per law clerk hour are reasonable hourly rates.  We use these rates

5    to calculate the lodestar amount with regard to services provided by O'Donoghue and

6    Grimwood.  There was no objection to the hourly rates for Mariscal Weeks, Jennings

7    Strouss, and Ward Keenan, so we use their hourly rates to calculate the lodestar amount.

8                                              **C.**

9            Multiplying the number of hours reasonably expended by the reasonable hourly

10   rates, we conclude that O'Donoghue accrued $255,915.00 in compensable partner fees,

11   $7,346.25 in compensable associate fees, and $3,335.40 in compensable law clerk fees,

12   which totals $266,596.65 in compensable fees.  Grimwood accrued $73,982.70 in

13   compensable fees.  After reducing their lodestar amount by ten percent for non-ERISA

14   claim fees, Mariscal Weeks accrued $1,401.75 in compensable fees, Jennings Strouss

15   accrued $107,529.75 in compensable fees, and Ward Keenan accrued $10,408.50 in

16   compensable fees.  We total O'Donoghue's and Mariscal Weeks' compensable fees to

17   achieve the total lodestar amount of $267,998.40 for PAC Tucson Defendants.  We total

18   Jennings Strouss', Grimwood's and Ward Keenan's compensable fees to achieve the total

19   lodestar amount of $191,920.95 for Trust Fund Defendants.  Defendants do not seek any

20   adjustment to the lodestar amount through a Kerr analysis.  Kerr v. Screen Extras Guild,

21   Inc., 526 F.2d 67 (9th Cir. 1975).

22                                             **III.**

23           PAC Tucson Defendants request an award of $16,268.00 for O'Donoghue's

24   expenses, and $1,164.98 for Mariscal Weeks' expenses.  PAC-Tucson Defendants'

25   Memorandum, Exhibit 2 at 12-15.  Trust Fund Defendants request an award of

26   $10,923.57 for Jennings Strouss' expenses, and $5,005.71 for Grimwood's expenses, and

27

28

1  do not seek an award for Ward Keenan's expenses.[6]  <u>Trust Fund Defendants'</u>

2  <u>Memorandum, Exhibit 5</u> at 61, <u>Exhibit 6</u> at 1.

3         Plaintiffs argue that expenses should be denied because defendants failed to

4  itemize with particularity, and failed to attach invoices, both in violation of LRCiv

5  54.2(e)(3).  <u>Response to PAC-Tucson Defendants' Motion</u> at 16-17; <u>Response to Trust</u>

6  <u>Fund Defendants' Motion</u> at 11-12.  Plaintiffs are correct, but their argument fails

7  because they do not argue that the violations shield inaccurate or unreasonable expenses.

8         Plaintiffs further argue that the travel expenses by the Washington, D.C., based

9  attorneys for PAC-Tucson Defendants are unreasonable because firms of similar quality

10  are present in the forum.  <u>Response to PAC-Tucson Defendants' Motion</u> at 17.  Plaintiffs'

11  argument fails because PAC-Tucson Defendants reduced their request for O'Donoghue's

12  expenses by twenty percent for this reason.  <u>PAC-Tucson Defendants' Memorandum,</u>

13  <u>Exhibit 2</u> at 14.

14         We conclude that O'Donoghue accrued $16,268.00 in expenses, Mariscal Weeks

15  accrued $1,164.98 in expenses, Jennings Strouss accrued $10,923.57 in expenses, and

16  Grimwood accrued $5,005.71 in expenses.  We award PAC-Tucson Defendants

17  $17,432.98 in expenses, and award Trust Fund Defendants $15,929.28 in expenses.

18                                              **IV.**

19         **IT IS ORDERED** granting the Motion for Attorneys' Fees and Non-Taxable

20  Expenses by defendants Plumbing and Air Conditioning Contractors of Arizona-Tucson

21  Area, Local Union 469 of the United Association of Journeymen and Apprentices of the

22  Plumbing and Pipe Fitting Industry of the United States and Canada, Local Union 741 of

23  the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting

24  Industry of the United States and Canada, Norm Record, Sr., Nancy Record, Norm

25

26         [6] Trust Fund Defendants request an award of $11,565.00 for Ward Keenan's "[f]ees
27  and expenses."  <u>Trust Fund Defendants' Memorandum</u> at 2.  Ward Keenan's fees totaled
   $11,565.00, <u>Trust Fund Defendants' Memorandum, Exhibit 7</u> at 11, and Trust Fund
28  Defendants' briefings set forth no evidence of Ward Keenan's expenses.

1  Record, Jr., George Michels, Michael L. Collins, Ray Carter and Wayne Bryant, and

2  awarding defendants $285,431.38 in Attorney's Fees and Non-Taxable Expenses (doc.

3  171).

4          **IT IS FURTHER ORDERED** granting the Motion for Attorney's Fees and Non-

5  Taxable Costs Pursuant to Fed. R. Civ. P. 54(b) [sic] by defendants Arizona Pipe Trades

6  Health and Welfare Trust Fund and Arizona Pipe Trades Defined Contribution Trust

7  Fund, and awarding defendants $207,850.23 in Attorney's Fees and Non-Taxable

8  Expenses (doc. 172).

9          **IT IS FURTHER ORDERED** denying PAC-Tucson Defendants' duplicative

10 Motion for Attorney's Fees and Non-Taxable Expenses as moot (doc. 175).

11         DATED this 30th day of November, 2005.

12

13

14                          _Frederick J. Martone_
                              Frederick J. Martone
15                           United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28